UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **GEORGE HUDGENS**,<br><br>          Petitioner,<br>vs.<br><br>**GREGORY SKIPPER**,<br><br>          Respondent. | 2:21-CV-10292-TGB-EAS<br><br>**ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS; (2) DECLINING TO GRANT A CERTIFICATE OF APPEALABILITY; AND (3) GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*** |

George Hudgens, ("petitioner"), confined at the Carson City Correctional Facility in Carson City, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his pro se application, petitioner challenges the Wayne County Circuit Court's failure to timely provide him with a copy of the order denying him state post-conviction relief, which prevented him in turn from filing a timely post-conviction appeal with the Michigan Court of Appeals. For the reasons stated below, the application for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

## I. BACKGROUND

Following a jury trial, Petitioner was convicted in the Wayne County Circuit Court of two counts of second-degree murder, M.C.L.A.

750.317; one count of assault with intent to commit murder, M.C.L.A. 750.83; one count of felonious assault, M.C.L.A. 750.82; one count of felon in possession of a firearm, M.C.L.A. 750.224f; and felony firearm, M.C.L.A. 750.227b. His conviction was affirmed on appeal. *People v. Hudgens*, No. 300335, 2012 WL 164053 (Mich. Ct. App. Jan. 19, 2012); *lv. den.* 492 Mich. 854, 817 N.W.2d 51 (2012).

Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500*, et. seq.*, which the trial court denied. *People v. Hudgens,* No. 10-000313-FC (Mich. Cir. Ct., Feb. 25, 2014). The Michigan appellate courts denied him leave to appeal. *People v. Hudgens,* No. 321151 (Mich. Ct. App. Sept. 2, 2014); *lv. den.* 497 Mich. 1012, 862 N.W.2d 818 (2015). He subsequently filed a petition for writ of habeas corpus, which was denied on the merits. *Hudgens v. Haas*, No. 2:15-CV-13400, 2016 WL 3958587 (E.D. Mich. July 22, 2016).[1]

Petitioner then filed a second post-conviction motion for relief from judgment with the Wayne County Circuit Court. The court denied the motion on October 15, 2018, because M.C.R. 6.502(G) bars successive motions for relief from judgment unless the claim is based on newly discovered evidence or a retroactive change in the law. The court found that petitioner's claims did not fall within those exceptions to the general

---

[1] This Court obtained some of the background information of petitioner's state conviction and procedural history from his first habeas case.

2

prohibition against filing a successive motion for relief from judgment. *People v. Hudgens,* No. 10-000313-FC (Mich. Cir. Ct., Oct. 15, 2018); *see* ECF No. 1, PageID.27-29.

Petitioner claims that the trial court did not notify him of the denial of this post-conviction motion in a timely manner. He only received a copy of the judge's order denying his successive post-conviction motion some ten months after she had issued the opinion. As a result, his subsequent post-conviction appeal was rejected as untimely filed by the Michigan Court of Appeals. *People v. Hudgens,* No. 350914 (Mich. Ct. App. Dec. 18, 2019); *see* ECF No. 1, PageID. 30. The Michigan Supreme Court denied him leave to appeal. *People v. Hudgens*, 946 N.W.2d 262 (Mich. 2020), *reconsideration denied*, 949 N.W.2d 711 (Mich. 2020).

Petitioner claims that the Wayne County Circuit Court judge's failure to timely send him a copy of her decision violated his due process right to notification and his right to equal protection of the laws. Petitioner asks this Court to order the Wayne County Circuit Court judge to reissue her opinion and order denying his successive motion for relief from judgment so that he can perfect a timely post-conviction appeal with the Michigan Court of Appeals.

## II. STANDARD OF REVIEW

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law, or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich.

3

2001). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. Indeed, the Sixth Circuit some time ago indicated that it "disapprove[d] the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F.3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See, e.g., Perez,* 157 F. Supp. 2d at 796 (additional citations omitted). [2]

---

[2] The Court recognizes that the general rule is that a state prisoner can only challenge his or her custody by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. See e.g. *Greene v. Tennessee Dep't of Corr.,* 265 F. 3d 369, 371 (6th Cir. 2001). Nonetheless, this Court has found at least one case in which a state prisoner was permitted to use § 2241 to allege infirmities in his state post-conviction proceedings, although the court also concluded that petitioner was not entitled to habeas relief. *See Dawson v. Colorado,* 634 F. App'x. 211, 212 (10th Cir.

### III. DISCUSSION

**A. Secondary petition bar**

As an initial matter, this Court notes that Petitioner has previously filed a habeas petition challenging his convictions. An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."). The provisions of § 2244(b)(3)(A) are

---

2015). Regardless of what statutory provision petitioner's claim is brought under, he is not entitled to habeas relief.

applicable to habeas petitions filed under 28 U.S.C. § 2241 by a person who is in custody pursuant to a state court judgment, like Petitioner here. *See Rittenberry v. Morgan,* 468 F.3d 331, 336-37 (6th Cir. 2006).

Petitioner acknowledges that he previously sought habeas relief on his convictions but argues that this petition is the first chance that petitioner has to challenge the state judge's handling of his successive post-conviction motion because the alleged error happened only after petitioner had been denied habeas relief. ECF No. 1, PageID.2-3.

A district court has jurisdiction to entertain "numerically second petitions that are not 'second or successive' petitions within the meaning of 28 U.S.C. § 2244(b)" and thus needs no authorization from the Sixth Circuit to consider such a petition when it is filed in the district court. *In Re Smith*, 690 F.3d 809, 809 (6th Cir. 2012) (collecting cases). Indeed, "a district court may (and should) rule on newly ripe claims and is 'not required to get authorization' from the court of appeals before doing so." *Id*. at 810. This Court agrees with Petitioner that his claim is newly ripe, in that it was not available at the time he filed his first habeas petition. Petitioner is therefore not required to obtain permission from the Sixth Circuit to file this petition, and the Court is free to proceed to the merits of his claim.

### B. Merits of Petitioner's claim

Petitioner is not entitled to relief on his claim that the Wayne County Circuit Court failed to provide him with timely notice of that

6

court's decision to deny petitioner post-conviction relief or the related claim that the Michigan Court of Appeals dismissed his post-conviction appeal for being untimely, because such a claim is non-cognizable on federal habeas review.

This Court notes that "[t]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer,* 484 F. 3d 844, 853 (6th Cir. 2007). Thus, a federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *See Greer v. Mitchell,* 264 F. 3d 663, 681 (6th Cir. 2001). The rationale behind this rule is that states have no federal constitutional obligation to provide post-conviction remedies. *Id.* (citing to *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987)). "A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not 'result [in] . . . release or a reduction in . . . time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention.'" *Cress,* 484 F.3d at 853 (quoting *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986)). Thus, the "'scope of the writ'" does not encompass a "'second tier of complaints about deficiencies in state post-conviction proceedings.'" *Cress*, 484 F.3d at 853 (quoting *Kirby*, 794 F.2d at 248). "[T]he writ is not the proper means to challenge collateral matters as opposed to the underlying state conviction

giving rise to the prisoner's incarceration." *Id.* (internal quotations omitted).

Here, Petitioner's claim is that the state trial court failed to provide him with timely notice of the denial of his successive post-conviction motion, which he frames as a "violation of his federal right under the United States Constitution." ECF No. 1, PageID.1. But the Constitution does not guarantee rights, due process-related or otherwise, related to state post-conviction appeals. This claim is thus non-cognizable on habeas review and does not provide a basis for habeas relief. *See, e.g.*, *Aguilera-Guerra v. Ryan*, No. CV-12-258-PHX-NVW, 2012 WL 6765589, at * 13 (D. Ariz. Dec. 7, 2012) (citations omitted) (finding that a similar failure to provide a copy of a state court order was "not amenable to federal review" through a habeas petition).

## CONCLUSION

Because it does not state a claim that this Court can address, the petition for a writ of habeas corpus is denied.

Habeas corpus appeals are governed by 28 U.S.C. § 2253. A state prisoner who seeks habeas corpus relief under 28 U.S.C. § 2241, as Petitioner does here, must obtain a certificate of appealability to bring an appeal from an order denying habeas relief. *See Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369, 372 (6th Cir. 2001). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28

U.S.C. foll. § 2254. Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997).

For the reasons stated in this Order, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). However, although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

Based upon the foregoing, it is **ORDERED** that the Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED WITH PREJUDICE.** It is further **ORDERED** that a Certificate of Appealability is **DENIED**, but that Petitioner is **GRANTED** leave to appeal *in forma pauperis*.

**SO ORDERED** this 26th day of February, 2021.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge